[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10046
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-04439-AT

W. A. GRIFFIN,

Plaintiff - Appellant,

versus

GENERAL ELECTRIC COMPANY,
BLUE CROSS AND BLUE SHIELD OF ALABAMA, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 28, 2019)

Before JORDAN, BRANCH, GRANT, Circuit Judges.

PER CURIUM:

Dr. W.A. Griffin, proceeding *pro* se, appeals the district court's dismissal of her complaint alleging gender and racial discrimination under Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116.   The district court granted the defendants' motions to dismiss, concluding that Dr. Griffin's complaint was devoid of sufficient factual support to allow her claims to proceed. After careful consideration, we affirm.

## I

Dr. Griffin is a female, African-American medical provider who practices in Fulton County, Georgia.  According to Dr. Griffin, on June 14, 2013, she treated V.H., a patient insured by General Electric's (GE) employer-based health plan. Blue Cross Blue Shield of Alabama (Blue Cross) was the plan's third-party claims administrator.   Dr. Griffin requested that V.H. sign an assignment of benefits authorizing GE's healthcare plan to pay benefits directly to Dr. Griffin.  Dr. Griffin submitted claims to GE seeking payment for her services as an out-of-network provider, but she did not receive payment at the benefit level she says was promised to her as an out-of-network provider.

Dr. Griffin then sued GE and Blue Cross under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a).  Both defendants raised an anti-assignment provision in the health plan at issue as a bar to Dr. Griffin's claims. GE and Blue Cross moved to dismiss, and the district court granted dismissal on

the grounds that Dr. Griffin had not sufficiently pled a valid assignment of V.H's assignment of benefits.  She therefore did not have a cause of action under ERISA. *See Griffin v. Blue Cross and Blue Shield of Alabama, et al.*, 157 F. Supp. 3d 1328 (N.D. Ga. 2015).

On December 22, 2015, Dr. Griffin brought this separate action against GE and Blue Cross, asserting two different claims: (1) discrimination under Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116; and (2) promissory estoppel.

Dr. Griffin alleges that GE discriminated against her by raising the anti-assignment defense selectively.  She claims that GE raised this defense against her because of her race and gender, when it did not raise the defense against white male plaintiffs.  Dr. Griffin pointed to four cases she believed were analogous to hers in which GE treated the plaintiffs differently regarding enforcement of the health plan's provisions pertaining to assignment of claims.  According to Dr. Griffin, these cases show that GE and Blue Cross treated her differently than other white, male doctors by "applying more restrictive assignment of benefit criteria to her as compared to other providers who have sued GE under ERISA."  D.E. 40 at 25.  In addition to alleging discrimination, Dr. Griffin asserted a promissory estoppel claim based on GE's and Blue Cross' promises to pay her a certain benefit level, on which she relied on to her detriment.

The defendants separately moved to dismiss Dr. Griffin's complaint. The district court granted both of the motions, concluding that Dr. Griffin's fourth amended complaint failed to sufficiently plead viable claims.

The district court noted that the cases Dr. Griffin relied on did not involve Blue Cross, and she had therefore failed to "plausibly allege[ ] any facts that Blue Cross discriminated against her." D.E. 50 at 8. After carefully reviewing the listed cases, the court also concluded that "GE's litigation conduct . . . does not suggest that GE discriminated against Plaintiff in the present case." *Id.* at 12. And even if the cases were sufficient, "[n]othing in Section 1557 or the relevant regulations suggests that it applies to a covered entity's *litigation conduct.*" *Id.*

The district court also dismissed Dr. Griffin's promissory estoppel claims for failing "to plead a promise with sufficient particularity to state a claim for promissory estoppel." *Id.* at 14. Dr. Griffin did not allege that she had spoken with a Blue Cross representative who promised that the services she provided to V.H. would be reimbursed at a particular level. *Id.* Instead, she alleged that a representative told her that V.H. had benefits for out-of-network care that would be based upon the usual, reasonable rate. *Id.* Because this statement did not amount to a promise to pay a particular rate for a particular treatment, Dr. Griffin failed to sufficiently plead her promissory estoppel claim. *Id.* at 15.

Dr. Griffin appealed.

4

II

We review *de novo* a district court's ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011). A complaint fails to state a claim if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In considering a Rule 12(b)(6) motion, we construe the complaint in the light most favorable to the non-moving party and accept the allegations of facts therein as true. *See Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A *pro se* litigant who does not address an issue in her brief abandons the issue on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Dr. Griffin does not present any argument or claim against Blue Cross in her brief and she expressly abandoned her promissory estoppel claims. So the only issue on appeal is whether the district court properly dismissed Dr. Griffin's discrimination claim against GE under Section 1557 of the ACA.

5

Section 1557 of the ACA provides that:

> [A]n individual shall not . . . be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, . . . or under any program or activity that is administered by an Executive Agency or any entity established under this title.

42 U.S.C. § 18116(a).  To state a claim under this provision, a plaintiff is required to show that he or she (1) was a member of a protected class, (2) qualified for the benefit or program at issue, (3) suffered an adverse action, and (4) the adverse action gave rise to an inference of discrimination.  *See* 42 U.S.C. § 2000d; 20 U.S.C. § 1681.

Dr. Griffin based her discrimination claim on actions that GE took in litigation with four other plaintiffs (who were white male doctors) in comparison to GE's actions in litigation against her.  As the district court explained, however, nothing in the four comparator cases cited by Dr. Griffin suggests that GE has a different process for handling claims brought by minority or women providers compared to claims brought by white males.  In all of the cited cases, GE brought the same or similar challenges to the plaintiff's claims.  *See Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp.*, 2:14-cv-02139-MWF-VBK (C.D. Cal.) (arguing that the plaintiff lacked standing due to the anti-assignment provision in the plan); *Eden Surgical Ctr. v. General Electric Co.*, No. 2:09-cv-04301 (C.D. Cal.) (challenging the surgical center's standing under ERISA); *Neurological*

6

*Surgery, P.C. et. al. v. General Electric Co.,* No. 2:15-cv-07076- JMA-SIL (E.D.N.Y.) (challenging the plaintiffs' standing to bring the complaint); *Murdoch v. United Healthcare*, 2:03-cv-00178-EAK (M.D. Fla.) (arguing that the court lacked jurisdiction because the plaintiff failed to overcome the plan's limitations on suits, including the anti-assignment clause).

Thus, the district court did not err when it dismissed Dr. Griffin's discrimination claim against GE.

### III

The district court's judgment is **AFFIRMED.**